UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

Zhanhongtu E-Commerce Co., Ltd.,
Xinwangde Electromechanical Technology Co., Ltd.,

     Plaintiff,

v.

Uproot Lint LLC,

     Defendant.

_____/

**COMPLAINT**

NOW COMES Plaintiffs Zhanhongtu E-Commerce Co., Ltd. ("Zhanhongtu"), and Xinwangde Electromechanical Technology Co., Ltd., ("Xinwangde," collectively, "Plaintiffs"), by and through their undersigned counsel, bring this Complaint against Defendant Uproot Lint LLC, ("Uproot" or "Defendant"), seeking a declaratory judgment that Plaintiffs' Pet Hair Removal Rakes do not infringe Defendant's design patents – U.S. Design Patent No. D1,009,393 and D1,041,113, alleges as follows:

**NATURE OF THE ACTION**

1. This claim arises under the Declaratory Judgment Act under 28 U.S.C. §2201 and the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*. A controversy exists between the parties as to alleged infringement of the design patents.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over the patent claims in this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States, Title 35 U.S.C. § 101 *et seq*.

3. This Court has general jurisdiction over Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## THE PARTIES

5. Plaintiff Zhanghongtu is a limited liability company formed under the laws of China, with its principal place of business in Wuwei, Gansu Province, China.

6. Plaintiff Xinwangde is a limited liability company formed under the laws of China, with its principal place of business in Guilin, Guangxi Province, China

7. Defendant is an entity incorporated under Florida law, with its principal place of business at 8350 nw 52nd Ter, Suite 301 #309, Doral, FL 33166.

## STATEMENT OF FACTS

8. Plaintiffs operate as online merchants through their Amazon.com storefronts, FAYTTYE (https://www.amazon.com/sp?ie=UTF8&seller=A3ECLPAL9P4NCZ) and NEWWANDE (https://www.amazon.com/sp?ie=UTF8&seller=A1XF6EH29F9D6Q), where they sell identical Pet Hair Removal Rakes ("Accused Products") under separate product listings.




9. Upon information and belief, Defendant also sells similar pet hair removal products on Amazon.com. Defendant is the current owner of two U.S. design patents—U.S. Design Patent No. D1,009,393 (the "D'393 Patent") and U.S. Design Patent No. D1,041,113 (the "D'113 Patent"). True and correct copies of these patents are attached hereto as **Exhibit 1**.

10. On November 30, 2024 and on December 6, 2024, Defendant lodged two complaints with Amazon against Plaintiffs' Accused Products (Complaint ID 16650640171 and 16734461721). *See* **Exhibit 2**. In its complaints to Amazon, Defendant alleged that Plaintiffs Accused Products infringed on both D'393 patent and D'113 patent. *Id*.

11. Nevertheless, Defendant's allegations are without merit and remain unsubstantiated. Plaintiffs' Accused Products feature distinctive designs that are substantially dissimilar to those claimed in Defendant's design patents. Moreover, in light of prior arts – U.S. Design Patents No. D889,851 and D990,084, an ordinary observer would find the Accused Products to be substantially dissimilar from the design claimed in Defendant's design patents. True and correct copies of U.S. Design Patents D889,851 and D990,084 are attached hereto as **Exhibit 3**.

12. As a result of Defendant's complaints, Amazon removed Plaintiffs' product listings, causing immediate and substantial harm to Plaintiffs' business, resulting significant loss of sales, damage to reputation, and disruption of customer relationships.

13. Defendant's actions are part of a pattern of unfair competition intended to unlawfully monopolize the market for Pet Hair Removal tools by eliminating legitimate competition through baseless infringement claims.

14. Defendant's actions have created a justifiable concern that it will continue to interfere with Plaintiff's business operations and may initiate additional baseless claims or proceedings against Plaintiffs alleging unfounded infringement.







**COUNT I - Declaratory Judgment of Noninfringement of Design Patents**

15. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

16. Defendant's design patents protect only the metal component attached to the side of the Pet Hair Removal Rakes. Features such as the length of the component, its overall shape, and other aspects represented by dotted lines in the patent's figures are explicitly excluded from the scope of the claims. The specific claimed designs pertain to the shapes and configurations of the metal teeth, as depicted in Tables 1 through 3.

17. The side-by-side comparison clearly demonstrates that the Accused Products, featuring flat-top protrusions as teeth, differ substantially from the sharp-threaded edges designs claimed in Defendant's design patents. Furthermore, the configuration of the flat-top protrusion teeth—which are parallel to each other—differs significantly from Defendant's designs, where all teeth are connected in a single thread. Given that both flat-topped protrusion teeth and sharp-threaded edges were known in the prior arts, an ordinary observer would likely find that the Accused Products are substantially dissimilar from the patented designs claimed in D'393 and D'113 patents.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant as follows:

1) Find that the Accused Products do not infringe on D'393 patent and D'113 patent.
2) Issue a permanent injunction enjoining Defendant from filing complaints with third-party e-commerce platforms, asserting infringement based on D'393 patent and D'113 patent against Plaintiff's Accused Products;
3) An order requiring Defendant to retract its complaint and report of infringement on Amazon.com, and reinstate the removed or deactivated product listings;

4)       Award reasonable attorneys' fees and the costs of suit;

5)       Award other relief as the Court deems just and proper.

### Jury Trial Demand

Plaintiffs hereby demand a jury trial on all issues so triable.

December 16, 2024,                        Respectfully submitted,

/s/ Andrew J. Palmer
Andrew J. Palmer
Palmer Law Group, P.A.
401 E. Las Olas Blvd, Suite 1400,
Ft. Lauderdale, FL 33301
Phone: 954-491-1300
ajpalmer@palmerlawgroup.com